IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE WONG, | ) | Crim. No. 11-00968 SOM |
| | ) | Civ. No. 13-00261 SOM/BMK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION TO |
| | ) | VACATE, SET ASIDE, OR CORRECT |
| UNITED STATES OF AMERICA, | ) | SENTENCE UNDER 28 U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PETITION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Before the court is a petition by George Wong to vacate, set aside or correct his sentence, on the grounds that he was denied his Sixth Amendment right to effective assistance of counsel during his sentencing. The court denies Wong's petition.

**I.     BACKGROUND**

On February 10, 2012, pursuant to a plea agreement, Wong pled guilty to Count 2 of his indictment. Count 2 charged Wong with knowingly possessing with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers. See ECF No. 61-2.

At a Rule 11 hearing held that day before a Magistrate Judge, Wong stated that he had received a copy of the indictment and plea agreement, discussed the charges and the plea with his attorney Richard Pafundi, was satisfied with his legal representation, and was freely and voluntarily pleading guilty. ECF No. 61-3 at 4-6. The government noted at the hearing that it

would move to dismiss Count 1 of the indictment at sentencing, and that it "anticipated filing a motion for downward departure in exchange for [Wong's] continued truthful cooperation." Id. at 7.  The plea agreement greatly limited Wong's right to appeal or to pursue a collateral challenge such as the present § 2255 motion.  Challenges could only be brought if Wong's sentence exceeded the guideline range or Wong was asserting ineffective assistance of counsel.  The Magistrate Judge issued a Report and Recommendation Concerning Plea of Guilty the same day.  See ECF No. 30.  On February 28, 2012, this court accepted the plea of guilty.  See ECF No. 31.

A Presentence Investigation Report ("PSR") was prepared on March 27, 2012.  ECF No. 39.  The PSR noted that Wong's total offense level was 31 and that he was in Criminal History Category I under the advisory United States Sentencing Guidelines.  Id. He qualified for the safety valve, and his advisory guideline range was 108 to 135 months.  Id.  The probation office recommended that Wong be sentenced to 96 months in prison.  See ECF No. 40.

On June 21, 2012, Pafundi filed a statement of no objection to the guideline calculation, and moved for a sentence below the guideline range.  ECF No. 34.  In his motion and at the subsequent sentencing hearing, Pafundi primarily relied on Wong's

willingness to cooperate with the government's investigation and Wong's record of stable employment.

At Wong's sentencing hearing, held on June 25, 2012, Pafundi further requested that Wong be sentenced to home confinement, rather than a prison term, or be sentenced to less than two years in custody, the maximum that would allow him to be housed at the Federal Detention Center on Oahu.  See ECF No. 61-5.  Pafundi noted that "a drop from the proposed recommendation of 96 months to a couple years or less is quite a ways down [but a]s [Wong's] counsel . . . I'm going with what he's asking for, and that is a miracle."  Id. at 10.

The government did not file a motion for downward departure.  The government noted that although Wong had been cooperative, his help had not led to any arrests, and he had not rendered the "substantial assistance" required to trigger such a motion from the government.  The government recommended that Wong be sentenced within the guideline range in light of the seriousness of his offense.  Id. at 14-16.

The court noted that Wong had a history of domestic violence, and had previously been charged with burglary in the first degree and reckless driving.  The court expressed concern that "in spite of . . . [Wong's] earlier contact with the criminal justice system, [he was] involved in a serious federal felony."  Id. at 19.  The court stated unequivocally that it was

"not going to give [Wong] home confinement" because "this is a very serious situation here . . . [that] warrant[s] a significant prison term." Id. at 20.  The court further stated that Pafundi's suggested "two-year sentence" would be "about a quarter of the time that the guidelines suggest" and that the court "didn't have enough in front of [it] to justify that." Id. at 21.

The court noted that because Wong qualified for the safety valve, it was not required to sentence him to a statutory mandatory minimum sentence of ten years.  Therefore, the court, taking into account Wong's stable employment history and attempts to aid the government investigation, sentenced Wong to 66 months in prison, a sentence it recognized was "a lot lower even than the probation officer recommended." Id. at 21.  Wong's sentence was to be followed by supervised release of three years.  The court imposed no fine, finding that Wong did not have the financial ability to pay one. Id.

Wong alleges that Pafundi missed or was late to several court appointments and pretrial meetings with the government.  In particular, Wong alleges that Pafundi was "over 15 minutes late" for Wong's "arraignment and plea hearing"; that he was late for, and missed, meetings with the federal prosecutors; and that he missed two meetings with probation.  Wong also alleges that Pafundi "failed to meet [Wong] and discuss" presentencing options

and led him to believe that "home confinement" was a possible sentence. ECF No. 63.

**II.      ANALYSIS.**

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

Wong attacks his sentence on the ground of ineffective assistance of counsel.  In particular, Wong argues that Pafundi's "misrepresentation and lack of responsibility" in missing appointments and incorrectly suggesting the possibility of home imprisonment "may have caused [Wong to receive] a sentence greater than necessary."  ECF No. 63.

To establish ineffective assistance of counsel, Wong must show (1) that Pafundi's representation fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for Pafundi's allegedly unprofessional errors, the result of the proceeding would have been different.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  There is "a strong presumption" that counsel's conduct was reasonable and

that counsel's representation did not fall below an objective standard of reasonableness.  Id. at 688.  Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction," judicial scrutiny of counsel's performance is highly deferential.  Id. at 689.

Even though there is nothing in the record to suggest that Pafundi's performance fell below an objective standard of reasonableness, this court need not address the first prong of Strickland, because Wong was plainly not prejudiced.  See Fields v. Brown, 503 F.3d 755, 776 (9th Cir. 2007) (noting that under Strickland, "a court may determine prejudice without first deciding deficiency").  "Strickland places the burden of proving prejudice on the defendant, not the government." Cheney v. Washington, 614 F.3d 987, 995 (9th Cir. 2010).  Wong received a sentence that was almost three years less than either the PSR or the sentencing guidelines recommended, and he fails to articulate any way in which different counsel could plausibly have achieved a better result.  See, e.g., United States v. Beltran-Moreno, 556 F.3d 913, 918 (9th Cir. 2009) (noting the likely absence of prejudice when a district court issues a sentence significantly lower than the guideline range).

Wong alleges that Pafundi missed several scheduled meetings with Wong and the government, but does not provide any details as to how these alleged absences affected his final sentence. Instead, Wong states in conclusory fashion that Pafundi's absences "crippled [Pafundi's] argument . . . at the sentencing hearing." However, a review of the record reveals no such deficiency, and Wong does not explain how more presentencing meetings would have favorably altered the sentencing result.

Wong argues that Pafundi misrepresented the likelihood that Wong could obtain a sentence of home confinement. Even if this were so, Wong does not allege that he would not have pled guilty but for Pafundi's alleged representation. See Hill v. Lockhart, 474 U.S. 52, 60 (1985) (holding that petitioner was not prejudiced, because he failed to demonstrate that "had counsel correctly informed him . . . he would have pleaded not guilty and insisted on going to trial"). Indeed, it would be implausible for Wong to suggest that his guilty plea was premised on the possibility of home confinement, given the high minimum and maximum sentences attached to his offense.

Wong suggests that Pafundi's request for home confinement led to a higher sentence than he otherwise would have received. But Wong points to nothing in the record suggesting

that the court increased its intended sentence based on Pafundi's request. While the request was unlikely to be granted, there is no reason to believe it prejudiced Wong.

Finally, Wong's suggestion that the government would have filed a downward departure motion but for Pafundi's alleged deficiency is unsupported by the record. Wong fails to connect the absence of such a motion with any action or inaction by Pafundi. At the sentencing hearing, the government made clear that it was not filing such a motion because Wong's assistance had failed to yield any arrests. Wong does not explain how this failure is Pafundi's responsibility. The record does not support the inference that Pafundi prevented Wong from assisting the government, or reveal any causal relationship between the quality of Pafundi's representation and the government's decision not to file a downward departure motion.

This court denies Wong's petition without the need for an evidentiary hearing. "Decisions to hold hearings and conduct discovery . . . are committed to the [district] court's discretion." <u>Watts v. United States</u>, 841 F.2d 275, 277 (9th Cir. 1988). A court need not conduct an evidentiary hearing when "the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief." 28 U.S.C.

§ 2255(b).  "[T]o earn the right to a hearing, therefore, [a petitioner is] required to allege specific facts which, if true, would entitle him to relief."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996).  Even if all of Wong's allegations against Pafundi are true, they would not demonstrate that Wong was prejudiced.  Wong offers nothing suggesting that, but for his allegedly unreasonable representation, he would have received a sentence of less than 66 months.

**IV.    CONCLUSION.**

Because Wong has failed to show prejudice flowing from his counsel's alleged ineffectiveness, the § 2255 Petition is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 20, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Wong v. United States of America, Crim. No. 11-00968 SOM; Civ. No. 13-00261 SOM/BMK; ORDER DENYING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255